### In re Robert P. D'Orazio

[429 A.2d 1307]

No. 118-79

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

*McNamara & Fitzpatrick, Inc.,* Burlington, for Petitioner.

*M. Jerome Diamond,* Attorney General, and *Bennett Evans Greene,* Assistant Attorney General, Montpelier, for Defendant.

Hill, J. This case involves a Vermont Labor Relations Board decision finding that grievant was denied certain employment rights and granting him a back pay award. Grievant claims the Board improperly calculated the damages. The State on cross-appeal challenges the Board's finding of wrongful denial of employment.

Grievant, laid off from his nonmanagement state job with the (then) Governor's Commission on the Administration of Justice, had various Reduction in Force (RIF) rights under an agreement between the State and the Vermont State Employees' Association. He had the right, *inter alia,* to replace another employee within the same department rather than be laid off when his current position was terminated if he had seniority over such other employee and possessed the minimum qualifications for the new position.

Grievant's job was terminated, and, upon compliance with

the required procedures, he was informed by the Department of Personnel over one month before his employment was to end that two positions were available within his department. That determination was based upon the job descriptions then on file. However, the Executive Director of the Commission refused to hire grievant because the duties of the job had been enlarged in an office restructuring and grievant could not fulfill the revised requirements. No updated job description had yet been given to Personnel, apparently because the restructuring was not completed. Updated job descriptions were provided to Personnel five days before grievant's employment terminated.

Following a six-month dispute between the Personnel Department and the Director over the new requisite qualifications, the job descriptions finally were filed by Personnel. Both sides agree that if approval of job descriptions by Personnel is required, grievant at the time his job was terminated fulfilled the minimum qualifications for the positions and had a right to one of them. If approval is not required, grievant was rightfully denied the positions. There are no claims of bad faith in the restructuring of the jobs.

■ The certified questions require us to decide whether the Vermont Personnel Department has veto power over job descriptions provided by department heads in state government. We answer in the negative.

■■ The Board seems to have concluded that a department head has the authority to create legally effective job descriptions, but it never determined whether Personnel could challenge the descriptions. It did, however, conclude that grievant had a legal right to a timely resolution of the dispute between Personnel and the department head. The Board noted that a departmental reorganization cannot be accompanied by instantaneous new job qualifications. It originally said a sixty-day delay in filing new requirements was reasonable, and then, on reargument, concluded that a thirty-day delay would be proper. The Board consequently awarded back pay for the period it said the statutory mandate for having current job descriptions was not met, and calculated that that time ran from thirty days after the department rewrote the job descriptions until the date when the Personnel Department officially

filed the new job description. The Board said it limited the liability because grievant failed to show the State acted in bad faith in revising the qualifications. This meant, according to the Board, that grievant should be awarded back pay for the period running from twenty-five days after his job expired until the inter-office dispute was resolved and new job qualifications were filed.

Grievant claims he has a right to back pay from the first day he was off the job until an unspecified time in the future. He argues that the burden should be on the State to prove facts that limit the liability. The State argues on cross-appeal that grievant was properly denied employment based on revised job descriptions which became effective when transmitted from the department head to Personnel.

Classification of state personnel is governed by 3 V.S.A. § 301 et seq. The responsibility for creating job descriptions clearly is given to department heads. 3 V.S.A. § 310 (b) states:

> It shall be the responsibility of the head of each department to provide current job descriptions for all positions within his department and such other information as may be required to the department of personnel in order to enable that department to carry out its responsibility under this section.

The Personnel Department, meanwhile, is empowered to establish salary and grade scales based upon the department heads' descriptions of qualifications necessary for particular jobs. "It shall be the responsibility of the department of personnel to perform job evaluations for each position based on current job descriptions which describe the nature, scope, and accountabilities for each class of employees." 3 V.S.A. § 310 (b). See also 3 V.S.A. § 310 (a).

Personnel is not granted authority to reject, edit or dispute the job descriptions provided by department heads. The dictates of the governing statute are clear, and we will abide by its direction. We thus hold as a matter of law that job descriptions become valid for purposes of determining requisite employment qualifications when a department head communicates the descriptions to the Department of Personnel. The new minimum qualifications for the positions thus became valid five days before grievant's job expired, and he was prop-

erly denied employment. Further, there is no evidence that grievant suffered any legal damages from the dispute between Personnel and the department head.

*The order appealed from is reversed, and the grievance of Robert P. D'Orazio is dismissed with prejudice.*